UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARNELL R. HICKS,

                        *Plaintiff*,

v.                                                                                    No. 25-CV-2178 (KMK)

JAMES HAZEL, *#151*, BALLEN, *#172*,                 ORDER OF SERVICE
OSSINING POLICE DEPARTMENT, *and*
VILLAGE OF OSSINING,

                        *Defendants*.

---

KENNETH M. KARAS, United States District Judge:

      Plaintiff, who is appearing pro se, brings this Action alleging that Defendants Officer James Hazel, Officer Ballen, the Ossining Police Department, and the Village of Ossining violated his federal constitutional rights. (See generally Compl. (Dkt. No. 3).) The Court construes the Complaint as asserting constitutional claims under 42 U.S.C. § 1983 and related claims under state law. By order dated March 20, 2025, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.

## I. Standard of Review

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## II.  Discussion

### A.  Claims Against the Ossining Police Department

The Court must dismiss Plaintiff's claims against the Ossining Police Department. Federal courts in this district apply New York law to determine whether an entity has the capacity to be sued.  *See* Fed. R. Civ. P. 17(b) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . .").  Under New York law, city agencies or departments generally do not have the capacity to be sued.  *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Specifically, "[a] plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) (emphasis in original).  The Charter of the Village of Ossining does not provide the Ossining Police Department with the capacity to be sued in its own name.  *See* Vill. of Ossining Charter, Art. I, § C1-2 (providing the Village of Ossining the right to sue and be sued).  The Court therefore dismisses for failure to state a claim on which relief may be granted Plaintiff's claims against the Ossining Police Department because it lacks the capacity to be sued.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's pro se status, the Court will construe any allegations against the Ossining Police Department as being asserted against the Village of Ossining, which is also a Defendant in this Action.

B.  Service on Remaining Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Village of Ossining, Officer James Hazel, and Officer Ballen through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

III.  Conclusion

The Court dismisses Plaintiff's claims against the Ossining Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is respectfully directed to issue summonses for the Village of Ossining, Officer James Hazel, and Office Ballen, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 7, 2025
         White Plains, New York

KENNETH M. KARAS
United States District Judge

4

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. The Village of Ossining
   16 Croton Avenue
   Ossining, NY 10562

2. Officer James Hazel, #151
   Birdsall-Fagan Police Court Facility
   86-88 Spring Street
   Ossining, NY 10562

3. Officer Ballen, #172
   Birdsall-Fagan Police Court Facility
   86-88 Spring Street
   Ossining, NY 10562