# MEMO ENDORSED

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**DARNELL R. HICKS**,
Plaintiff,

-against-

**OFFICER JASON MARQUES, OFFICER RYAN, OFFICER BALLEN, OFFICER BRETT J. MALFERTANO, OFFICER JAMES HAZEL, OFFICER JUAN ENCARNACION (Badge #188), DETECTIVE CHAVEZ, SERGEANT KASTANIS, and THE VILLAGE OF OSSINING POLICE DEPARTMENT**,
Defendants.

Related Federal Actions:
1. Hicks v. Marques, Malfertano, Ryan, Ballen & Sgt. Kastanis – 23■cv■8088 (KMK)
2. Hicks v. Hazel, Ballen & Det. Chavez – 25■cv■2178 (KMK)
3. Hicks v. Encarnacion & Sgt. Kastanis – 23■cv■1839 (CS)

# PLAINTIFF'S MOTION TO REFER DEFENDANT OFFICERS FOR CRIMINAL INVESTIGATION

(Pursuant to the Court's Inherent Authority and 18 U.S.C. §§ 241, 242, 1519, 1623)

## I. INTRODUCTION

Plaintiff DARNELL R. HICKS, appearing pro se, respectfully moves this Court to refer the conduct of the above■named Ossining Police Department officers—including Sergeant Kastanis—to the United States Attorney for the Southern District of New York (Civil Rights Unit) and the New York Attorney General's Office of Special Investigation for criminal investigation and prosecution. Across three separate encounters between 2022 and 2024, Plaintiff was repeatedly and unlawfully arrested by Ossining Police officers acting under the direct supervision and approval of Sergeant Kastanis. Each incident involved fabricated reports, suppressed video evidence, and retaliation for protected speech and recording of police misconduct.

For clarity, Plaintiff sets forth each criminally fabricated arrest in chronological order to show the continuing pattern of misconduct directed and approved by Sergeant Kastanis.

### A. Case 1 – Hicks v. Marques, Malfertano, Ryan, Ballen & Sgt. Kastanis (23■cv■8088 KMK)

Officers Marques, Malfertano, Ryan, and Ballen jointly arrested Plaintiff without probable cause. Their sworn reports contain identical false narratives contradicted by surveillance and body■cam footage. Sergeant Kastanis approved the arrest despite knowing the evidence disproved disorderly conduct allegations and stated he would approve an arrest if Plaintiff said 'suck my dick' again, confirming retaliatory intent.

### B. Case 2 – Hicks v. Hazel, Ballen & Detective Chavez (25■cv■2178 KMK)

Officers Hazel and Ballen initiated another false arrest while station cameras were 'not working.' Detective Chavez took humiliating injury photos and participated in suppression of exculpatory footage. Sergeant Kastanis authorized the arrest and later ratified the falsified reports. The subsequent criminal case was dismissed, confirming lack of probable cause.

### C. Case 3 – Hicks v. Encarnacion & Sgt. Kastanis (23■cv■1839 CS)

Officer Encarnacion (Badge #188) falsified his report to portray Plaintiff as hostile when video shows Plaintiff voluntarily entered the station seeking help. Encarnacion confiscated Plaintiff's phone as 'evidence' to destroy or withhold exculpatory footage. Sergeant Kastanis again approved the arrest despite full knowledge that it was fabricated.

## III. LEGAL GROUNDS FOR REFERRAL

1. 18 U.S.C. § 242 – Deprivation of rights under color of law.
2. 18 U.S.C. § 241 – Conspiracy against rights.
3. 18 U.S.C. § 1519 – Destruction or falsification of records.
4. 18 U.S.C. § 1623 – False declarations in federal proceedings.
5. N.Y. Penal Law § 195.00 – Official misconduct.
6. N.Y. Penal Law § 175.35 – Offering a false instrument for filing.
7. The Court's inherent authority to refer potential criminal violations (Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).

## IV. RELIEF REQUESTED

Plaintiff respectfully asks this Court to:
1. Refer the conduct of all named officers—including Encarnacion, Marques, Malfertano, Ryan, Ballen, Hazel, Chavez, and Sergeant Kastanis—to the U.S. Attorney (SDNY) and the New York Attorney General (OSI) for criminal investigation.
2. Order preservation and production of all remaining body■cam, dispatch, and station■surveillance footage.

3. Acknowledge on the record that Plaintiff has presented credible, documentary, and video evidence of falsified reports, perjury, and obstruction warranting prosecutorial review.

## V. CONCLUSION

The actions of these Ossining Police officers—repeatedly approved by Sergeant Kastanis—reflect an organized pattern of criminal misconduct under color of law. Plaintiff has endured three separate false arrests, each involving falsified paperwork and missing video evidence. Such conduct undermines the integrity of this Court and the rule of law itself.

WHEREFORE, Plaintiff DARNELL R. HICKS respectfully requests that this Honorable Court refer these matters for criminal investigation and prosecution and take all further actions deemed just and proper.

Dated: November 2025

Respectfully submitted,

/s/ Darnell R. Hicks
Darnell R. Hicks, Pro Se
35 Bruyn Avenue
Kingston, NY 12401
(845) 332■5228
stizzy730@gmail.com

This Court cannot initiate the criminal prosecution of anyone because "the decision to prosecute is solely within the disrection of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see also Mercado v. Kitsos*, No. 22-CV-1529, 2022 WL 1556759, at *2 (S.D.N.Y. May 16, 2022) (same). "Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding [because] [p]rosecutors possess discretionary authority to bring criminal actions and they are 'immune from control or interference by citizen or court.'" *Mercado*, 2022 WL 556759, at *2 (quoting *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972)). Accordingly, Plaintiff's Motion is denied. See Barkai v. Nuendorf, No. 21-CV-4060, 2021 WL 4084409, at *1 (S.D.N.Y. Sept. 8, 2021) (denying the plaintiff's request to refer his claims to the U.S. Attorney's Office because it "is not within the Court's power"); *Weitz v. Wagner,* No. 07-CV-1106, 2009 WL 4280284, at *1 n.1 (E.D.N.Y. Nov. 24, 2009) ("The United States Attorney's Office, not the federal courts[,] determine if and when to file criminal charges; the court does not accept purported criminal complaints submitted by citizens and refer them to the U.S. Attorney's Office for prosecution.").

The Clerk of Court is respectfully requested to terminate the pending motion at Dkt. No. 27 and mail a copy of this Order to Plaintiff.

SO ORDERED.



4/15/26